UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA J. KARAS,

  Plaintiff,

v.             Case No. 12-13494

KELLOGG'S CORP.,

  Defendant.
                /

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED**
***IN FORMA PAUPERIS*, DISMISSING COMPLAINT WITH PREJUDICE, AND TERMINATING AS MOOT "MOTION FOR A SPEEDY TRIAL"**

  Before the court is Plaintiff Paula Karas's pro se complaint, filed on August 8, 2012. Contemperaneous to filing her Complaint, Plaintiff submitted an application to proceed *in forma pauperis*. The court will grant Plaintiff's application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a)(1), and then dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2).

  The Supreme Court has stated that § 1915 was "designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 409 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* Thus, complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir.

2000).  Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

The Supreme Court has interpreted the term "frivolous," with respect to a complaint, to embrace "not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Neitzke*, 490 U.S. at 325.  Thus, a complaint "is frivolous where it lacks an arguable basis either in law or in fact."  *Id.; see also Brown v. Bargery*, 207 F.3d 863 (6th. Cir. 2000).

To state a claim upon which relief may be granted, a plaintiff must show "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true.  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)); *Evans-Marshall v. Bd. of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005).  Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In the instant case, Plaintiff's Complaint fails to state a claim and lacks even the most rudimentary elements of a satisfactorily drafted complaint.  Indeed, the Complaint, in its entirety, states:

> Now comes the plaintiff pro se in the above captioned matter and hereby attests to this United States Supreme Court [sic] that the plaintiff's United States claims against the defendants [sic] is [sic] that the defendants [sic]

> violated the plaintiff [sic] United States Amendment Rights [sic] under the United States Constitution[,] under the United States code standards of the United States Food and Drug Administration [sic] by having to ingest food that is un pure [sic] and adulterated contrary to the United States code standards of the United States Food and Drug Administration [sic]. The injunctive relief sought in this case is a motion for trial and the appointment of counsel under the forum and ruling of Informa Pauperis.

(Compl., Dkt. # 1.) As is plainly evident, Plaintiff fails to (1) to identify any cause of action, (2) allege any facts in support of a cause of action, or (3) provide sufficient notice of the nature of her claim to allow Defendant to respond to the Complaint. The court must therefore dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2). Accordingly,

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* [Dkt. # 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED WITH PREJUDICE pursuant to 42 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that Plaintiff's "Motion for a Speedy Trial" [Dkt. # 3] is TERMINATED as moot.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 13, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 13, 2012, by electronic and/or ordinary mail.

    s/Lisa G. Wagner

3

Case Manager and Deputy Clerk
(313) 234-5522